**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kevin R. Lumpkin,** | ) | **CASE NO.    1:15 CR 317** |
| | ) | **1:17 CV 1522** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Vs.** | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Doc. 51). For the reasons that follow, the motion is

DENIED with respect to Petitioner's second and third grounds for relief. The Government is

ordered to file a supplemental brief on the first ground for relief within fourteen days of the date

of this Order. The Court will reserve ruling on ground one until after it receives the

Government's brief.

### FACTS

Petitioner was indicted on August 26, 2015, on two counts of knowingly selling firearms

1

to persons he knew or had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(d)(1). Count 1 was based on his sale of a Hi-Point .45 caliber rifle to Calvin Kelly, and Count 2 was based on his sale of a Ruger .380 caliber pistol to Michelle Devine. A jury found Petitioner guilty of both counts. For sentencing purposes, this Court grouped the two counts and concluded that the advisory Guidelines range was 63 to 78 months of imprisonment. The Court sentenced Petitioner to 63 months of imprisonment on each count, to be served concurrently.

Petitioner appealed, arguing that there was insufficient evidence for the jury to find that he had the requisite knowledge that Kelly and Devine had been convicted of a crime punishable by over a year of imprisonment and that he received an unfair trial because the FBI agent told the jury that he did not believe Petitioner was telling the truth about the guns in question during a taped interview. The Sixth Circuit affirmed Petitioner's conviction on January 27, 2017. *United States v. Lumpkin*, 677 F. App'x 992 (6th Cir. 2017). Petitioner did not file a petition for a writ of certiorari with the Supreme Court. He now seeks relief pursuant to 28 U.S.C. § 2255. The Government opposes Petitioner's motion.

**ANALYSIS**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334

F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A prisoner may not raise claims in a § 2255 motion that could have been raised on direct appeal unless he shows either: (1) good cause for failing to raise the claim earlier and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

Petitioner raises three grounds for relief in his motion: (1) he is actually innocent of Count 2 of the Indictment; (2) he is actually innocent of Count 1 of the Indictment; (3) his Fifth Amendment rights were violated by the admission of an illegal taped interview between FBI agents and Petitioner. (Doc. 51, at 4-6). For the reasons discussed below, Petitioner is not entitled to relief on his second and third grounds for relief. The Court reserves ruling on his first ground for relief at this time.

### A. Ground One

In his first ground for relief, Petitioner claims that he is actually innocent of Count 2 of the Indictment because Michelle Devine was no longer under a disability for possessing a firearm at the time he sold her the Ruger (between February 12, 2012 and August 11, 2013, as alleged in the Indictment). The Government asserted at trial that Devine was under a firearms disability because of a December 2005 Ohio aggravated theft conviction, a felony of the fourth degree. Devine received six months in prison for this conviction. Petitioner argues that Devine's rights to vote, hold public office, and serve on a jury were automatically restored pursuant to Ohio Revised Code §§ 2961.01(A)(2) and 2967.16(C)(1), when she was released from prison in June of 2006. Once these rights were restored, Petitioner asserts that she was no longer under a disability for owning a firearm.

3

The Government argues that Petitioner did not support this claim with any proof and that the claim is procedurally barred because he did not raise the issue of Devine's status at trial. Because he could have sought information about whether her rights were restored, the Government argues that he cannot establish cause to excuse his procedural default. Finally, it argues that he cannot establish prejudice because his 63-month sentence on Count 2 is concurrent to his 63-month sentence on Count 1 such that he is not serving an illegal sentence.

In his reply brief, Petitioner argues ineffective assistance of counsel as cause and prejudice to excuse the procedural default. Specifically, he argues that counsel's failure to investigate whether Devine's civil rights had been restored was ineffective.

The Sixth Circuit has held that, while a claim of actual innocence can be raised to avoid a procedural bar, a freestanding claim of actual innocence is not cognizable in a non-capital federal habeas proceeding. *Bowman v. Haas*, No. 15-1485, 2016 WL 612019, at \*5 (6th Cir. Feb. 10, 2016) ("Reasonable jurists could not debate the district court's conclusion that Bowman's freestanding claim of actual innocence was not cognizable in this non-capital federal habeas proceeding.") (citing *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) (noting that in a non-capital case, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits")). Thus, Petitioner's attempt to raise a freestanding actual innocence claim fails.

An ineffective assistance of counsel claim, however, can be a freestanding constitutional claim, one that typically is not raised until post-conviction proceedings. *United States v. McCarty*, 628 F.3d 284, 295 (6th Cir. 2010) (noting that the Sixth Circuit ordinarily will not

4

review an ineffective assistance of counsel claim on direct appeal and that such claims are "more properly raised in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255"). Because Petitioner is pro se, this Court will liberally construe ground one as raising a claim of ineffective assistance of counsel.

To establish an ineffective assistance of counsel claim, a petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The prejudice prong requires the petitioner to show more than some conceivable effect on the judgment. *Id.* at 693. Rather, to prove that counsel's performance was prejudicial, there must be "a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694.

It is unlawful under 18 U.S.C. § 922(d)(1) "for any person to sell...any firearm...to any person knowing or having reasonable cause to believe that such person...is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20) defines what constitutes a "crime punishable for a term exceeding one year" and states in relevant part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. *Any conviction...for which a person ...has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ...restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms*.

18 U.S.C. 18 U.S.C. § 921(a)(20) (emphasis added).

The Sixth Circuit has held that the category of "rights" that Congress intended to reach in § 921(a)(20) are the rights to vote, seek and hold public office, and serve on a jury. *U.S. v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990). Under Ohio Revised Code § 2961.01, Devine's right to vote was restored when she was released from prison. Under Ohio Revised Code 2976.16(C)(1)(a), her rights to seek and hold public office were similarly restored once she served her prison term. *See id.* at 550 (holding that Ohio prisoner's rights to vote, serve on a jury, and seek public office were restored upon his release from prison).[1] Moreover, the Government concedes that Ohio Revised Code § 2923.13 does not apply to Devine. That provision places an express limitation on firearms privileges for individuals who have been convicted of felony offenses of violence or drug offenses. Thus, it appears from the evidence now before the Court that Devine was no longer under a disability for owning a firearm at the time that she purchased the Ruger from Petitioner.[2]

From an initial review of Petitioner's ineffective assistance of counsel claim based on the current record, it appears that the claim would be well-founded. Counsel's failure to investigate the facts underlying an essential element of the crime with which Petitioner was charged, resulting in him being convicted of a crime for which he is actually innocent, would meet the

---

[1]   The Government concedes that "Devine's right to vote would have been restored automatically upon being released from incarceration" and that her rights to seek and hold public office "would have been restored...upon final discharge of her sentence." (Doc. 53, at 7).

[2]   The Government's argument that Petitioner submitted no evidence in support of his claim is without merit. Devine testified as to the length of her prison term, and the Government introduced the Cuyahoga County docket entry from her sentence at trial.

*Strickland* standard. The Court reserves ruling on the claim at this time, however, because the

Government has not had an opportunity to respond to it. The Government is hereby ordered to

file a brief within fourteen days of the date of this Order responding to Petitioner's argument that

counsel was ineffective for failing to investigate whether Devine's civil rights had been restored

prior to her purchase of the Ruger. In its brief, the Government must cite case law that supports

its contention that, even if Petitioner is actually innocent of Count 2, he suffered no prejudice

because his sentence on Count 2 is concurrent to his sentence on Count 1.[3]

### B. Ground Two

In Ground Two, Petitioner claims that he is actually innocent of Count 1 of the

Indictment because the true purchaser of the Hi-Point rifle was Devine, not Kelly. As noted

above, an actual innocence claim is not cognizable in a non-capital federal habeas proceeding.

In his reply, Kelly argues that counsel was ineffective because he did not "seek[] the true

identity of the buyer of the firearms (Ms. Devine) the purchaser [who] actually paid for the

firearms (Ms. Devine)." (Doc. 55, at 17). Even if the Court were to construe this ground as

raising an ineffective assistance of counsel claim, the claim would fail. At trial, Kelly testified

that he purchased two assault rifles from Petitioner, including the one charged in Count 1 of the

Indictment. (*See* Doc. 45, at PageID 499) ("Q: You purchased two assault rifles? A: Yes. Q: And

where did you purchase the assault rifles from? A: I purchased them from Kevin."); (*Id.* at 502)

---

[3]    (Doc. 53, at 7) ("Even if Devine's rights had been restored by operation of O.R.C.
       § 2967.16 prior to the period charged in the indictment, Lumpkin cannot show
       that he was actually prejudiced because he is serving statutorily authorized 63-
       month concurrent sentence[s] on each of Counts 1 and 2...This fact is also fatal to
       Lumpkin's claim of actual innocence of Count 2 because ultimately he is unable
       to demonstrate that he is serving an illegal sentence.")

7

(Q: And looking at Government's Exhibit 1-A, sir, who did you receive this gun from? A: Kevin."). Kelly testified that he purchased the assault rifles "[b]ecause my car was shot up" and he wanted them "[t]o protect myself." (*Id.* at 499). Further, Devine testified that she gave Kelly money to purchase the gun. (*Id.* at 342-45) ("A: I gave Calvin $3,000. Q: Why did you give him that money? A: He asked for it to purchase the gun."). In light of this testimony, Petitioner fails to show that counsel's decision not to "seek the true identity" of the purchaser was either deficient or prejudicial. Indeed, Petitioner does not even attempt to show how counsel's failure to do so meets the *Strickland* standard.

For these reasons, Petitioner is not entitled to relief on his second ground for relief.

**C. Ground Three**

Several weeks before Petitioner was indicted, two FBI agents went to his home to request an interview. One of the agents had received approval to covertly record the interview. The agents identified themselves and then obtained Petitioner's consent to enter his backyard for an interview. Petitioner ended the interview after about twenty-five minutes, and the agents then left. The Government played a portion of this tape for the jury during Petitioner's trial. In his third ground for relief, Petitioner argues that his Fifth Amendment rights were violated because the agents did not give him *Miranda* warnings or obtain an appropriate court order authorizing the secret recording.

Petitioner did not raise this argument before this Court or on appeal. As such, he may not raise it for the first time in his § 2255 motion unless he shows either: (1) good cause for failing to raise the claim earlier and actual prejudice, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). In his reply brief, he argues ineffective assistance of counsel as cause for

8

failing to raise the claim earlier. Petitioner, however, cannot meet the *Strickland* standard because the interview was not a custodial interrogation such that *Miranda* warnings were required and recording the interview without his knowledge was not illegal.

*Miranda* warnings are only required when a defendant is both in custody and being interrogated. *United States v. Swanson,* 341 F.3d 524, 528 (6th Cir.2003). Determining whether a defendant was in custody requires an evaluation of the totality of the circumstances to "ascertain whether...a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 565 U.S. 499, 509 (2012) (internal quotations omitted). Relevant factors include the location of the questioning, the length and manner of questioning, the presence or absence of physical restraints during the questioning, the degree to which the interviewee possessed freedom of movement during the interview, and the release of the interviewee at the end of the questioning. *Id.*; *see also U.S. v. Panak*, 552 F.3d 562, 465 (6th Cir. 2009).

In considering the totality of the circumstances, the interview at Petitioner's home was not a custodial interrogation. The location–Petitioner's home–weighs strongly in favor of a finding that the interview was not custodial. *Panak*, 552 F.3d at 466 ("when police question a suspect in a residence, the encounter often will not rise to the kind of custodial situation that necessitates *Miranda* warnings") (quotations omitted). So, too, do the short length of the interview (less than thirty minutes) and the absence of any physical restraints. Nor has Petitioner presented any evidence that his freedom of movement was restrained in any way during the interview. Perhaps the strongest indication that this was not a custodial interrogation is the fact that Petitioner felt free to terminate the interview by asking the agents to leave, which they did.

9

Thus, counsel's decision not to challenge the admission of the tape on *Miranda* grounds was neither deficient nor prejudicial.

Similarly, the recording of the agents' interview of Petitioner was legal under 18 U.S.C. § 2511(2)(c), which states that it is not unlawful "for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." *See also United States v. Caceres*, 440 U.S. 741, 750 (1979) ("While Title III...regulates electronic surveillance conducted without the consent of either party to a conversation, federal statutes impose no restrictions on recording a conversation with the consent of one of the conversants."). Thus, counsel was not ineffective in failing to challenge the admission of the tape on the basis that it was obtained without Petitioner's consent.

For these reasons, Petitioner is not entitled to relief on his third ground for relief.

### CONCLUSION

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED with respect to the second and third grounds for relief. The Court reserves ruling on the first ground for relief until after the Government submits a brief addressing Petitioner's argument that counsel was ineffective for failing to investigate whether Devine's civil rights had been restored by the time she purchased the gun that is the subject of Count 2 of the Indictment. The Government's brief is due within fourteen days of the date of this Order.

IT IS SO ORDERED.


                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Court
                                            Chief Judge
Dated: 11/8/17