**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Kevin R. Lumpkin,** ) | **CASE NO.   1:15 CR 317** |
| ) | **1:17 CV 1522** |
| **Plaintiff,** ) | |
| ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Vs.** ) | |
| ) | |
| **United States of America,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

This matter is before the Court upon Petitioner's first ground for relief in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 51). On November 8, 2017, this Court denied Petitioner's motion with respect to his second and third grounds for relief but ordered the Government to file a supplemental brief regarding Ground One, which this Court interpreted as a claim of ineffective assistance of counsel. The Government has submitted its supplemental brief. The facts regarding Ground One are not in dispute. Because the claim involves issues of law only, no evidentiary hearing is necessary. On review of Petitioner's motion and the Government's briefs, the Court finds that Petitioner is entitled to relief on

1

Ground One. The Court therefore GRANTS Petitioner's motion on this ground.

**ANALYSIS**

Petitioner was indicted on August 26, 2015, on two counts of knowingly selling firearms to persons he knew or had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(d)(1). Count 2 is at issue here and was based on Petitioner's sale of a Ruger .380 caliber pistol to Michelle Devine. A jury found Petitioner guilty of both counts. For sentencing purposes, this Court grouped the two counts and concluded that the advisory Guidelines range was 63 to 78 months of imprisonment. The Court sentenced Petitioner to 63 months of imprisonment on each count, to be served concurrently.

In Ground One of his § 2255 motion, Petitioner claims that his counsel was ineffective for failing to discover that he is actually innocent of Count 2. To succeed on this claim, Petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

As discussed in the Court's Order of November 8, when Devine was released from prison in June of 2006, her civil rights to vote, hold public office, and serve on a jury were automatically restored pursuant to Ohio Revised Code §§ 2961.01(A)(2) and 2976.16(C)(1). As a result, under 18 U.S.C. § 922(d)(1), she was no longer under a disability for possessing a firearm as of this time, which was several years before Petitioner sold her the Ruger. (*See* Doc. 56, at 3-6). In its supplemental brief, the Government does not dispute that Devine's rights had been restored before the sale of the Ruger. (Doc. 57, at 3) ("The government concedes that Lumpkin's sale of the Ruger pistol to Michelle Devine may have occurred after Devine's civil

rights were restored."). It also does not dispute that Petitioner can, therefore, establish the deficient performance prong of his ineffective assistance of counsel claim. (*Id.*) ("As such, an analysis of ...counsel's performance under the first prong of *Strickland* is unnecessary."). The Court agrees that the failure to investigate the facts underlying an essential element of the crime with which Petitioner was charged–facts that would have shown that Petitioner was actually innocent of the crime–falls below an objective standard of reasonableness and meets *Strickland's* first prong.    The Government, however, contends that Petitioner's claim fails because he cannot prove that counsel's error prejudiced him. The prejudice prong of *Strickland* requires a petitioner to show more than some conceivable effect on the judgment. *Strickland*, 466 U.S. at 693. Rather, to prove that counsel's performance was prejudicial, there must be "a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694.

According to the Government, Petitioner "cannot show that he was actually prejudiced because he is serving statutorily authorized 63-month concurrent sentence[s] on each of Counts 1 and 2." (Doc. 53, at 7). The Government argues that Petitioner's conviction on Count 1 is sound and that he is eligible for the same 63-month sentence he received even after excluding Count 2 from the analysis. (*See* Doc. 57, at 4-6). Because Petitioner would be serving 63 months even if he had not been convicted on Count 2, the Government believes that he has not been prejudiced by the erroneous conviction on Count 2.[1]

---

[1] In the November 8 Order, the Court asked the Government to cite case law in its supplemental brief to supports its argument that Petitioner cannot establish the prejudice prong because his sentence on Count 2 was concurrent to his sentence on Count 1. It did not do so.

The Court does not agree. Although the Government may be correct that Petitioner would have received a 63-month sentence on Count 1 regardless of his conviction on Count 2, it does not follow that he has suffered no prejudice from his invalid conviction on Count 2. The Supreme Court has recognized that there are collateral consequences of an invalid conviction, even if the sentence on the invalid conviction is served concurrently with a conviction on a valid conviction:

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction,* apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. See *Benton v. Maryland,* 395 U.S. 784, 790-791, 89 S.Ct. 2056, 2060-2061, 23 L.Ed.2d 707 (1969); *Sibron v. New York,* 392 U.S. 40, 54-56, 88 S.Ct. 1889, 1898-1899, 20 L.Ed.2d 917 (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 1673-74 (1985). The collateral consequences of an invalid conviction may be presumed. *Ceasor v. Ocwieja*, 655 Fed. Appx. 263 (6th Cir. 2016) ("[T]he Supreme Court has allowed federal courts to presume the existence of collateral consequences in cases where the petitioner is challenging an allegedly unconstitutional conviction.").

The Supreme Court has not expressly held that these collateral consequences are sufficient to establish prejudice under *Strickland* where a defendant, serving identical sentences that run concurrently, successfully challenges only one of two convictions and sentences. The Second Circuit, however, has held that they are. In *Jackson v. Leonardo*, the court held that counsel's failure to raise a meritorious double jeopardy claim met both prongs of *Strickland* even

4

though the defendant did not receive any additional jail time on the invalid conviction. 162 F.3d 81, 86 (2d Cir. 1998). With respect to prejudice, the court explained:

> with the multiplication of repeat offender sentencing schemes in various states, it is more than possible that Jackson could receive enhanced jail time (should he commit future criminal offenses) precisely because of the existence of the improper firearm conviction in his criminal record....[I]t is more than conceivable that some state or federal sentencing plans, even if they do not currently turn on the *number* of previous convictions recorded, will do so in the future. The degree of prejudice may not seem great, but when one considers that there is essentially no reason not to correct what was manifest error, we hold that it is sufficient.

*Id.*[2] For these same reasons, this Court agrees that the potential collateral consequences of Petitioner's invalid conviction on Count 2 are sufficient to establish the prejudice prong of *Strickland*.

**CONCLUSION**

For the foregoing reasons, Petitioner is entitled to relief on his first ground for relief. His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is GRANTED on this ground, and his conviction on Count Two of the Indictment is hereby vacated. Although the Government appears to be correct that Petitioner's Guideline range will not be affected by the

---

[2] The Second Circuit recently addressed this issue in the context of a petition for writ of habeas corpus under 28 U.S.C. § 2254 where the state court had rejected the petitioner's ineffective assistance of counsel claim. *Tavarez v. Larkin*, 814 F.3d 644 (2d Cir. 2016). Because the Supreme Court has never directly addressed the issue, the court held that, under the Antiterrorism and Effective Death Penalty Act's deferential review of state court decisions, the decision was not "'an objectively unreasonable application of clearly established federal law' *as determined by the Supreme Court*." *Id.* at 649 (emphasis in original). Nevertheless, the court explained that "were we considering Tavarez's claim *de novo* on direct appeal, we would agree that *Jackson* controls and is binding on us." *Id.* (noting that *Ball* suggests that, were the Supreme Court confronted with the issue, it would hold that the collateral consequences of an invalid conviction are sufficient to meet the prejudice prong of *Strickland*).

vacating of Count Two, Petitioner is nevertheless entitled to a re-sentencing. The Court will hold a re-sentencing hearing to be set by separate order.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that there is no basis upon which to issue a certificate of appealability as to Petitioner's second and third grounds for relief in his § 2255 motion. For the reasons stated in this Court's order of November 8, 2017, an appeal from the decision as to these grounds could not be taken in good faith. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/18/18