# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Kevin R. Lumpkin, ) | CASE NO. 1:15 CR 317 |
| ) | 1:19 CV 568 |
| Petitioner, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| Vs. ) | |
| ) | |
| United States of America, ) | **Memorandum of Opinion and Order** |
| ) | |
| Respondent. ) | |

## INTRODUCTION

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 70). For the following reasons, Petitioner's motion is DENIED.

## FACTS

Petitioner was indicted on August 26, 2015, on two counts of knowingly selling firearms to persons he knew or had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(d)(1). Count 1 was based on his sale of a Hi-Point .45 caliber rifle to Calvin Kelly, and Count 2 was based on

1

his sale of a Ruger .380 caliber pistol to Michelle Devine. A jury found Petitioner guilty of both counts. For sentencing purposes, this Court grouped the two counts and concluded that the advisory Sentencing Guideline range was 63 to 78 months of imprisonment. The Court sentenced Petitioner to 63 months of imprisonment on each count, to be served concurrently.

Petitioner appealed, arguing that there was insufficient evidence for the jury to find that he had the requisite knowledge that Kelly and Devine had been convicted of a crime punishable by over a year of imprisonment, and that he received an unfair trial because the FBI agent told the jury that he did not believe Petitioner was telling the truth about the guns in question during a taped interview. The Sixth Circuit affirmed Petitioner's conviction on January 27, 2017. *United States v. Lumpkin*, 677 F. App'x 992 (6th Cir. 2017). Petitioner did not file a petition for a writ of certiorari with the Supreme Court.

On July 19, 2017, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. He argued in his first ground for relief that he was factually and legally innocent of Count 2 of the indictment because Devine was not prohibited from owning a firearm at the time Petitioner sold one to her. Petitioner also raised two additional grounds for relief. On January 18, 2018, this Court granted Lumpkin relief on the first ground raised in his motion, and denied relief on the remaining grounds. Accordingly, the Court vacated Petitioner's conviction on Count 2 of the indictment and scheduled a resentencing hearing.

On April 19, 2018, the Court resentenced Petitioner. The Court found that although Petitioner's conviction on Count 2 had been vacated, his advisory Sentencing Guideline calculation on the remaining count had not changed. At the resentencing hearing, the Court restated the advisory calculations and stated that Petitioner's base offense level was 20, with two

levels added under U.S.S.G. § 2K2.1(b)(1)(A), because the evidence at trial showed that Petitioner sold at least three firearms to Kelly. Four additional levels were added under Section 2k2.1(b)(5) because at least three firearms were sold. There was no acceptance of responsibility reduction. The Court found that Petitioner's total offense level was 26, and his Criminal History category was I, yielding an advisory Sentencing Guideline range of 63-78 months.

Petitioner objected to the four-level enhancement under U.S.S.G. § 2K2.1(b)(5), given that one of his convictions had been overturned. The Court overruled his objection, holding that § 2K2.1(b)(5) still applied because Petitioner had sold at least three firearms to Kelly, and that it was the number of firearms sold to Kelly that dictated the application of the enhancement. Petitioner's counsel requested a sentence below the Guideline range. Petitioner also testified that he believed that the trial testimony and invalid conviction played a role in the guilty verdict on his other count, and reiterated his desire for a new trial. The Government requested that the Court impose the same 63-month sentence it previously imposed, which was at the low-end of the range. The Court again imposed a 63-month sentence on Count 1 of the indictment.

Petitioner filed an appeal of his resentencing. He raised three issues on appeal: (1) the application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(5); (2) the Court's failure to address whether Kelly was "an individual whose possession or receipt of the firearm would be unlawful" under U.S.S.G. § 2K2.1(b)(5); and (3) the Court's denial of an acceptance of responsibility reduction under U.S.S.G.§ 3E1.1. The Sixth Circuit affirmed the resentencing of Petitioner and found no error by the Court. *United States v. Lumpkin,* 751 Fed. Appx. 894 (6th Cir. 2019). Petitioner did not file a petition for a writ of certiorari with the Supreme Court. He now seeks relief pursuant to 28 U.S.C. § 2255. The Government opposes Petitioner's motion.

**ANALYSIS**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A prisoner may not raise claims in a § 2255 motion that could have been raised on direct appeal unless he shows either: (1) good cause for failing to raise the claim earlier and actual prejudice, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

Petitioner raises nine grounds for relief in his motion. For the reasons discussed below, Petitioner is not entitled to relief on any of the grounds.

**A. Ground One**

In his first ground for relief, Petitioner claims that his counsel was ineffective for failing to move for a new trial due to retroactive misjoinder. Petitioner argues that his trial was prejudiced by the two counts in the indictment being tried together, since one of the counts was subsequently vacated.

To succeed on an ineffective assistance of counsel claim, Petitioner must satisfy two prongs – deficiency and prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984); *Rayner v. Mills,* 685 F.3d 631, 636 (6th Cir. 2012). To demonstrate deficiency, a petitioner must show

4

that his "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. In determining whether counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Supreme Court has defined a "reasonable probability" as one that is "sufficient to undermine confidence in the outcome." *Id.*

The Government argues that the Court should deny this claim because Petitioner has presented no evidence that his counsel was ineffective for failing to request a new trial based upon misjoinder, and that any such motion would have been unsuccessful. Upon review, the Court agrees. The Sixth Circuit has stated that retroactive misjoinder refers to "circumstances in which the joinder of multiple counts was proper initially, but later developments – such as . . . an appellate court's reversal of less than all convictions – render the initial joinder improper." *United States v. Daniels,* 653 F.3d 399, 414 (6th Cir. 2011) (internal citations omitted). To succeed on a retroactive misjoinder claim, the defendant must show either "compelling prejudice" or that the prosecutor acted in "bad faith" in bringing the charge. *Id.* Compelling prejudice exists "if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Deitz,* 577 F.3d 672, 692 (6th Cir. 2009). The Sixth Circuit has stated that courts should consider various factors when determining whether a defendant suffered compelling prejudice, including the jury's ability to separate the spillover evidence from the properly admitted evidence and whether the "spillover evidence would have 'tended to incite or arouse the jury into convicting the defendant

5

on the remaining counts.'" *United States v. Jackson*, 918 F.3d 467, 481 (6th Cir. 2019) (internal citations omitted). With regard to bad faith, the court may consider whether the prosecutor "had a reasonable expectation of obtaining a valid conviction" on the charges that were ultimately found to be improperly joined. *Id.* (internal citations omitted). A defendant bears a "very heavy" burden of showing prejudicial misjoinder. *Deitz,* 577 F.3d at 693.

As set forth above, to prevail on his ineffective assistance of counsel claim, Petitioner must demonstrate both deficient performance and a reasonable probability that the outcome of his trial would have been different but for his attorney's errors. Petitioner has failed to meet this burden. Petitioner has not shown any evidence of either "bad faith" or "compelling prejudice" that would have supported a motion for a new trial based upon misjoinder. As the Government correctly points out, the evidence presented at Petitioner's trial detailed two separate and distinct offenses, involving different sales and different individuals. Count One was based specifically on the sale of firearms to Calvin Kelly, and the Government presented evidence of those sales at trial. (Doc. 45, PageID # 496-505). Petitioner has not explained how joining these two charges prejudiced his case, or how the Government acted in bad faith when bringing these charges. Because Petitioner has not shown any deficiency of his lawyer's performance or reasonable probability that the outcome of his case would have been different had his lawyer moved for a new trial based on misjoinder, Petitioner's ineffective assistance of trial counsel claim fails.

**B. Ground Two**

Petitioner argues in his second ground for relief that Calvin Kelly's rights had been restored at the time of the purchase of the firearms because Kelly was off probation and had not been convicted of a violent crime or drug offense. Petitioner argues that he did not raise this

6

issue on direct appeal due to ineffective assistance of appellate counsel. The Government asserted at trial that Kelly was under a firearms disability because he was a convicted felon and still on probation at the time he purchased the weapons.

As set forth above, a petitioner must prove both deficiency and prejudice to establish an ineffective assistance of counsel claim. *Strickland,* 466 U.S. at 686. Here, Petitioner has shown neither. Petitioner has presented no evidence to support his argument that Calvin Kelly's rights had been restored when Petitioner sold Kelly the firearms, or that Kelly was off probation at that time. In fact, as noted by the Sixth Circuit in Petitioner's direct appeal, the evidence at trial showed that Kelly was still on probation at the time of the firearms sale. *Lumpkin,* 751 Fed. Appx. at 896. Kelly testified at trial that he purchased firearms from Petitioner in 2012 because he could not legally purchase guns following his felony conviction in 2010. (Doc. 45, PageID #498). Moreover, Kelly testified that based upon his purchase of the Hi-Point rifle from Petitioner, he was later convicted in state court of Having Weapons while Under a Disability. (Doc. 45, PageID # 502, 513-14). Thus, the record shows that Kelly was under a disability at the time of the sale of the firearms and Petitioner has shown no evidence to the contrary. Petitioner has also failed to explain how his counsel's performance was deficient or how he suffered any resulting prejudice. Ground Two is denied.

**C. Ground Three**

In Ground Three, Petitioner claims that certain prejudicial testimony and evidence were admitted at trial, and that these had the effect of denying Petitioner a fair trial. Petitioner asserts that he did not raise this issue on direct appeal due to ineffective assistance of counsel. Upon review, the Court finds that Petitioner's claim is without merit. Petitioner has not identified

7

which testimony or evidence was improperly admitted or prejudiced his trial. Further, Petitioner has not explained or made any argument as to how his appellate counsel's performance was deficient in this regard. Petitioner's claim is denied.

### D. Ground Four

In Ground Four, Petitioner argues that 18 U.S.C. § 922(d)(1) was unconstitutionally applied to him, because Kelly was not a "prohibited person" at the time of the sale. Petitioner also argues that the gun did not have a substantial relationship to interstate commerce, so § 922(d)(1) should not have applied. This Court has already rejected Petitioner's argument that Kelly was not a "prohibited person" when he purchased the firearms from Petitioner. To the extent that Petitioner is arguing that his counsel was ineffective for failing to challenge whether the firearm had a substantial relationship to interstate commerce, Petitioner's claim is without merit. The prosecution did not have to prove that the firearm had a substantial relationship to interstate commerce under 18 U.S.C. § 922(d)(1). Ground Four is denied.

### E. Ground Five

In Ground Five, Petitioner asserts "prejudicial spillover." Petitioner claims that inadmissible evidence was presented to the jury and was subsequently used in the resentencing. Petitioner does not specify which evidence was improperly admitted during his trial. The Government argues that this claim is procedurally barred.

Upon review, the Court agrees with the Government. Petitioner admits that he did not raise this issue on direct appeal, and did not include a reason as to why he failed to do so. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally

defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'") (internal citations omitted). Further, even if this claim was not procedurally barred, Petitioner has not identified which evidence was improperly admitted or why it was improper.[1] Ground Five is denied.

### F. Ground Six

In Ground Six, Petitioner argues generally that the jury instructions given at his trial were unconstitutional. Petitioner does not specify which jury instructions were improper. Petitioner also claims that he did not raise the issue on direct appeal due to ineffective assistance of appellate counsel. To the extent that Petitioner is raising an ineffective assistance of trial counsel claim based upon the jury instructions, Petitioner has not alleged any facts supporting why his counsel's performance was deficient or how his case was prejudiced. As the Government points out, the Court provided the parties with an opportunity to object to the jury instructions, and Petitioner did not raise any objections. (Doc. 46, PageID # 770-783). Moreover, Petitioner has not identified any error in the jury instructions to which his counsel failed to object. Petitioner's claim on this basis is without merit. Ground Six is denied.

### G. Ground Seven

---

[1] The Court also notes that to the extent that Petitioner is arguing that Counts One and Two of the Indictment were impermissibly joined and tried together resulting in prejudicial spillover of evidence, this argument fails. This Court has already determined that Petitioner's prejudicial misjoinder argument is without merit, and that the two counts of the indictment required sufficiently distinct evidence such that prejudicial spillover would not have been an issue.

9

In Ground Seven, Petitioner argues that the Court should not have applied U.S.S.G. § 2K2.1(b)(5), because Kelly was not a "prohibited person" at the time of the sale. Petitioner raised this argument to the Sixth Circuit on direct appeal, and the Sixth Circuit rejected it. *See United States v. Lumpkin,* 751 Fed. Appx. 894, 896 (6th Cir. 2019) ("The evidence at trial showed that Kelly was on probation during the relevant time period and that Lumpkin was involved in conversations about Kelly's probation, advising him to buy an antioxidant from a drug store to pass a urine test . . . Based on the evidence presented at trial, the district court correctly applied the 4-level trafficking enhancement."). This determination by the Sixth Circuit bars Petitioner from raising this issue again in his § 2255 motion, where he has not demonstrated any exceptional circumstances that would warrant reconsideration. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (A petitioner may not use a § 2255 motion to relitigate issues that were raised and considered on direct appeal, "absent highly exceptional circumstances, such as an intervening change in the law."). Ground Seven is denied.

**H. Ground Eight**

In Ground Eight, Petitioner argues that tainted testimony from James Koretsky, Brad Lender, Emily White, Agent Haynie, and Michelle Devine prejudiced his trial. As the Government correctly points out, Petitioner already raised this argument as to Agent Haynie on his direct appeal following the trial, and the Sixth Circuit rejected his argument. *See United States v. Lumpkin,* 677 Fed. Appx. 992, 995 (6th Cir. 2017). Thus, this Court will not revisit the argument regarding Agent Haynie here. *See Jones*, 178 F.3d at 796.

With regard to the other witnesses, Petitioner has identified one specific excerpt of

10

testimony which he claims was "tainted" – testimony from Officer James Koretsky.[2] Petitioner's defense counsel made no objections during the excerpt cited by Petitioner, and Petitioner has set forth no argument or explanation as to why this testimony was tainted or would have improperly prejudiced his trial. To the extent that Petitioner is arguing that his trial counsel failed to object to Koretsky's testimony (or the testimony of the other witnesses), Petitioner has not identified why the testimony was objectionable. Because Petitioner has not articulated any basis for his argument that "tainted testimony" prejudiced his trial, Ground Eight fails.

**I. Ground Nine**

Petitioner argues that the prosecutors in his case were required under U.S.S.G. § 2K2.1(b)(5) to prove that the firearms at issue in his case were not antique or "unserviceable," and that they failed to do so.[3] Moreover, Petitioner asserts that his counsel was ineffective for failing to raise this argument on appeal.

As used in U.S.S.G. § 2K2.1(b)(5), a "firearm" means "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or

---

[2] Petitioner also makes a broad reference to Doc. 22-2, page 5, but a review of the record shows that Doc. 22-2 does not exist. Doc 22 is only one page long and is entitled "Minutes of Proceedings," dated December 1, 2015, and indicates that Petitioner's trial began on that date.

[3] Petitioner argues that the definition of a "firearm" in "5845(h)" applies here. Petitioner is mistaken. Application Note 1 of the enhancement states that for the purposes of this Guideline section, "firearm" has the meaning given to that term in 18 U.S.C. § 921(a)(3).

11

firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3). The Sixth Circuit has held that the "antique firearms" exception in this section is "an affirmative defense" which "must be raised by the defendant before the burden shifts to the government to disprove its applicability." *U.S. v. Smith,* 981 F.2d 887, 892 (6th Cir. 1992).

Petitioner failed to raise the antique weapon exception at trial, so his argument that his attorney should have raised the issue on appeal is without merit. To the extent that Petitioner claims that his trial counsel was ineffective for failing to assert the antique firearm exception, Petitioner's claim also fails. The Government presented evidence at trial in the form of testimony from an expert regarding the operability of the Hi-Point weapon and its ammunition. (Doc. 45, PageID# 614-617). The Government also presented evidence from the owner of a gun store that sold the firearms to Petitioner in 2011. (Doc. 45, PageID# 562-585). Petitioner has pointed the Court to no evidence to suggest that the antique firearms exception should have been raised by his counsel, and the record does not support Petitioner's argument. Moreover, Petitioner has not demonstrated that his attorney's failure to raise the antique firearms exception prejudiced Petitioner's case. Ground Nine is denied.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 70) is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/27/19